UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREGORY E. COX,

        Plaintiff

     v.                                   Case No.  1:12-cv-671-HJW

GENERAL ELECTRIC COMPANY,

        Defendant

## ORDER

After this Court heard oral arguments on the defendant's motion to dismiss on June 4, 2013, plaintiff amended his complaint to conform with his oral argument. Defendant filed a renewed "Motion to Stay or Dismiss Proceedings Pending Arbitration" (doc. no. 20), which is currently pending. Plaintiff opposes the renewed motion. Having fully considered the record, including the pleadings, the parties' briefs, and applicable authority, the Court will <u>grant</u> the motion and <u>dismiss</u> this action without prejudice for the following reasons:

## I.  Allegations and Procedural History

On September 5, 2012, plaintiff filed a federal complaint against the General Electric Company ("GE"), asserting a single claim of age discrimination pursuant to the Age Discrimination and Employment Act ("ADEA"), at 29 U.S.C. §  626(b). The complaint alleged facts showing that plaintiff was an independent contractor, not a GE employee (doc. no. 1, ¶ 8). GE moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6) because the ADEA by its terms applies only to

employees, not contractors. In response, plaintiff argued a "joint employer" theory that he had not pleaded in his complaint. After a hearing, the Court conditionally granted the motion to dismiss, but allowed plaintiff to amend his complaint (doc. no. 17, "Order").

On June 21, 2013, plaintiff filed an amended complaint alleging that GE "jointly employed" him. The amended complaint indicates that plaintiff worked for GE from 1997 until 2005, when he retired (doc. no. 19, ¶ 4). Subsequently, in November of 2010, he began working at a company named "Sogeti" as an IT consultant for GE (¶ 8). While performing this work, plaintiff used a temporary GE badge "which enabled him to perform . . . his duties as a contractor for Defendant GE (his joint employer) for six months" (¶ 10). Plaintiff alleges that the temporary staffing agency ADECCO, as agent for GE, refused, in accordance with GE's written policy, to provide him with a "permanent badge," and as a result, he was "discharged from his work at Sogeti" (¶¶ 11- 12).

In light of the plaintiff's allegation of "joint employment" with respect to his ADEA claim in his amended complaint, GE filed a new motion seeking to enforce the parties' express agreement to arbitrate "employment" disputes, and on such basis, to stay or dismiss this federal case. The motion is fully briefed and ripe for consideration.

## II.  Standard of Review

Plaintiff asserts that this motion should be considered under Rule 12(b)(6) and recites the former "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1956) as the pleading standard. The United States Supreme Court has

expressly and repeatedly rejected this language as the pleading standard for Rule 12(b)(6). See <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 563 (2007) ("this famous observation has earned its retirement"); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 669-70 (2009) ("*Twombly* retired the *Conley* no-set-of-facts test").

In any event, the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA") governs the analysis here. As the Court explained in <u>Stepp v. NCR Corp.</u>, 494 F.Supp.2d 826, 828 (S.D.Ohio 2007) (J. Rice):

> [The defendant's motion] is not one which comes within the ambit of Rule 12(b) of the Federal Rules of Civil Procedure. . . Instead, the standard . . . is defined by the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA"), which provides that a party to an arbitration agreement, who is aggrieved by another party's refusal to submit an arbitrable dispute to arbitration, may petition any federal district court which would otherwise have jurisdiction over the underlying matter in order to compel arbitration. 9 U.S.C. § 4.

"Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." <u>Javitch v. First Union Sec., Inc.</u>, 315 F.3d 619, 624 (6th Cir. 2003). In determining whether to compel arbitration, "courts treat the facts as they would in ruling on a summary judgment motion, construing all facts and reasonable inferences that can be drawn therefrom in a light most favorable to the non-moving party." <u>Raasch v. NCR Corp.</u>, 254 F.Supp.2d 847, 851 (S.D.Ohio 2003); <u>Blakley v. UBS Fincl. Servs. Inc.</u>, 2013 WL 360378, *1 (S.D.Ohio 2013). Plaintiff does not dispute this and indicates

in a footnote that he "realizes that the Court will probably convert this Motion to Dismiss into a Motion for Summary Judgment as it is necessary to consider matters outside the four corners of the pleadings" (doc. no. 21 at 5, fn. 1).

### III.  Discussion

Section 2 of the Federal Arbitration Act provides:

> [A] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exists at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The FAA's primary purpose is to ensure "that private agreements to arbitrate are enforced according to their terms." Volt Info. Sciences, Inc. v. Bd. of Tr. of Leland Stanford, Jr. Univ., 489 U.S. 468, 479 (1989). "The FAA was designed to override judicial reluctance to enforce arbitration agreements, to relieve court congestion, and to provide parties with a speedier and less costly alternative to litigation." Deck v. Miami Jacobs Business College Co., 2013 WL 394875, *2 (S.D.Ohio 2013) (J. Black). Courts examine "arbitration language in a contract in light of the strong federal policy in favor of arbitration, resolving any doubts as to the parties' intentions in favor of arbitration." Hurley v. Deutsche Bank Trust Co. Am., 610 F.3d 334, 338 (6th Cir. 2010); Great Earth Co., Inc. v. Simons, 288 F.3d 878 (6th Cir. 2002).

When considering whether to compel arbitration under the FAA, courts consider: (1) whether the parties agreed to arbitrate; and (2) the scope of the arbitration agreement. Stout v. J.D. Byrider, 228 F.3d 709, 714 (6th Cir. 2000), cert. denied, 531 U.S. 1148 (2001). Additionally, if a federal statutory claim is asserted,

the court will consider (3) whether Congress intended that claim to be nonarbitrable; and (4) if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration. Id.; see also, e..g., Deck, 2013 WL 394875 at *2.

In the present case, a valid agreement to arbitrate exists between the parties, and the plaintiff's ADEA claim falls within the scope of that agreement. Plaintiff acknowledges that he accepted an early retirement package from GE, which included an express agreement to arbitrate any employment claims, including ADEA claims (doc. no. 20, Ex. A, ¶ 3c and Ex. B "DRP"). Plaintiff, however, contends that his agreement to arbitrate only covered events that took place *prior* to his retirement on December 1, 2005 (doc. no. 21 at 2). He therefore urges that he does not have to arbitrate his present ADEA claim.

GE points out that plaintiff's interpretation makes little sense and contradicts the express terms of his written separation agreement. GE attaches a copy of the agreement and the rules of the Dispute Resolution Program to which such agreement refers (doc. no. 20, Exs. A, B). GE points out that plaintiff expressly waived all claims that may have existed at the time of his separation, and in a separate clause, agreed to arbitrate any other claims. GE is correct.

Plaintiff signed a separation agreement entitled "Voluntary Job Elimination Program – General Release," dated December 1, 2005 (doc. no. 20, Ex. A). The document included a clause releasing all claims "arising out of the Employee's employment and separation of employment from the Company on or before the

date of this Release" (¶ 3). The document further provides that plaintiff "understands that he is not releasing any rights or claims arising after the date of this Release" (¶ 3b) and provides for arbitration of "any claims not released by this general release" (¶ 3c) pursuant to GE's "Dispute Resolution Program" (doc. no. 20-1 at 10, Ex. B, "DRP"). The DRP provides that: "Current employees whose employment with the Company terminates either because the employee transfers to another GE business component or leaves GE employment entirely, continue their status as current employees solely for the purpose of this procedure" (Id. at ¶ 2b). The DRP also specifies that "covered claims" include employment discrimination claims based on age (doc. no. 20-1 at 12, ¶ 4).

Plaintiff's present ADEA claim is well within the scope of the agreement to arbitrate. "If the matter at issue can be construed as within the scope of the arbitration agreement, it should be so construed unless the matter is expressly exempted from arbitration by the contract terms." Simon v. Pfizer, Inc., 398 F.3d 765, 773 n. 12 (6th Cir. 2005). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, (1983).

Although plaintiff suggests that the FAA does not apply to "controversies arising out of a contract" (doc. no. 21 at 4), such argument is specious. Plaintiff ignores the language of the FAA, which provides that a "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid." 9 U.S.C. § 2. Suffice to say, the case law is replete with cases enforcing

express agreements to arbitrate subsequent claims. See, e.g., Nestle Waters, 355 F.3d 485, 489 (6th Cir. 2004) ("this court has consistently upheld the validity of pre-dispute mandatory arbitration agreements"). Plaintiff cites no relevant authority to the contrary.

Plaintiff also misinterprets the separate clauses of his separation agreement. As GE explains, plaintiff is confusing the "release" clause and the "arbitration" clause. Although plaintiff released all claims that he may have had against GE when he signed the agreement, the arbitration clause contains no such limitation. In other words, plaintiff's express agreement to arbitrate employment-related disputes is not limited to claims existing in 2005. Plaintiff's misinterpretation would lead to an absurd result and does not mean that the separation agreement was "ambiguous" in any way. GE correctly points out that plaintiff agreed to submit any subsequent employment disputes with GE "to final and binding arbitration." GE asserts that if plaintiff wishes to pursue an ADEA claim on the theory that he was "jointly employed" by GE in 2011, he must arbitrate such claim.

It is well-settled that employment-related statutory claims, such as ADEA claims, may validly be subject to an arbitration agreement enforceable under the FAA. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991) (finding that ADEA claim was arbitrable and observing that "[i]t is by now clear that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA"). "Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial

remedies for the statutory rights at issue." Id. (quoting Mitsubishi, 473 U.S. at 628); Cosgrove v. Shearson Lehman Bros., 1997 WL 4783 at *2 (6th Cir. (Ohio)), cert. denied, 522 U.S. 864 (1997). Plaintiff's alleged status as an "employee" of GE is a "mixed issue of fact and law," see Weary, 377 F.3d at 524, that may properly be determined at arbitration as an element of his ADEA claim.

Finally, where claims are referred to arbitration, the FAA provides for a stay of the court proceedings "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. In cases, such as the present one, where *all* claims are subject to arbitration, courts may properly dismiss the complaint. See Arnold v. Arnold Corp., 920 F.2d 1269, 1275 (6th Cir. 1990) (holding that it was not "error for the district court to dismiss the complaint" after ordering arbitration); Hensel v. Cargill, Inc., 198 F.3d 245, 1999 WL 993775, at *4 (6th Cir. 1999) ("litigation in which all claims are referred to arbitration may be dismissed"); Ozormoor, 354 Fed.Appx. at 974-75 (affirming district court's order compelling arbitration and dismissing complaint); Stachurski, 642 F.Supp.2d at 774 (finding that "dismissal is appropriate" where all claims are subject to arbitration); Raasch, 254 F.Supp.2d at 868 (granting motion to compel arbitration and dismissing case); Straub, 2011 WL 587291 at 6 (same); Crowe v., 2010 WL 1640884, *2 ("Because all of the claims made by Crowe in the instant lawsuit are subject to arbitration, the lawsuit is dismissed").

"The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." Green v. Ameritech Corp., 200 F.3d 967, 973 (6th Cir. 2000) (quoting Alford v. Dean Witter

Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992)); Stout, 228 F.3d at 714-716 (affirming dismissal "without prejudice"). "Most district courts in this circuit agree that the best procedure for enforcing arbitration agreements is to dismiss the court action without prejudice." Gilchrist v. Inpatient Med. Servs., Inc., 2010 WL 3326742, *5 (N.D.Ohio 2010) (quoting Nestle Waters N. Am., Inc. v. Bollman, 2006 WL 3690804, at *6 (W.D.Mich. 2006), affirmed, 505 F.3d 498 (6th Cir. 2007)). Given that the plaintiff's only claim is subject to final and binding arbitration, the Court will dismiss, rather than stay, this case. Plaintiff remains free to proceed to arbitration of his claim pursuant to the separation agreement and DRP.

## IV. Additional Oral Argument Not Warranted

Local Rule 7.1(b)(2) provides that courts have discretion whether to grant requests for oral argument. This Court held a hearing on the initial motion to dismiss, at which plaintiff argued his "joint employer" theory. Plaintiff thereafter amended his complaint to conform with his hearing argument, and defendant again moved to dismiss. The parties have fully briefed and argued the relevant issues. The Court finds that the pleadings and exhibits are clear on their face, and that further oral argument at a second hearing is not warranted. Yamaha Corp. of Am. v. Stonecipher's Baldwin Pianos & Organs, 975 F.2d 300, 301-02 (6th Cir. 1992); Schentur v. U.S., 4 F.3d 994, 1993 WL 330640 at *15 (6th Cir. (Ohio)) (observing that district courts may dispense with oral argument on motions for any number of sound judicial reasons).

Accordingly, the defendant's "Motion to Stay or Dismiss Proceedings Pending Arbitration" (doc. no. 20) is <u>GRANTED</u>. This case is <u>DISMISSED</u> without prejudice and <u>TERMINATED</u> from the docket of this Court.

IT IS SO ORDERED.

<u>      s/Herman J. Weber</u>

**Herman J. Weber, Senior Judge**

**United States District Court**